U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET



**The following constitutes the ruling of the court and has the force and effect therein described.**

**United States Bankruptcy Judge**

**Signed May 26, 2010**

---

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 10-20170-RLJ-11 |
| | § | |
| | § | JOINTLY ADMINISTERED UNDER |
| BORGER HOSPITALITY, INC. | § | CASE NO. 10-20166-RLJ-11 |
| | § | |
| | § | Hearing: June 10, 2010 |
| DEBTOR | § | 1:30 p.m. |

**AGREED ORDER MODIFYING AUTOMATIC STAY**

On this date came on to be considered the Motion for Relief From Stay ("Motion") filed by Citizens National Bank, a division of Farmers National Bank of Seymour, Movant, against Borger Hospitality, Inc., Debtor, and notice having properly been given and all parties having appeared and announced to the Court that an agreement had been reached concerning this matter, the Court finds that Movant is a secured creditor and holds valid and perfected liens on real property in Stanton, Martin County, Texas and more fully described in Exhibit "A" **(Exhibit is**

---

**docketed as Pleading No. 74 on the Court's docket)** attached hereto and incorporated herein (the "Property"); that the Debtor executed three Notes to Movant as set out in the Motion (the "Notes") secured by the Property; that the balance due on the Notes owed to Movant by Debtor and secured by the Property is $2,975,376.39 through May 7, 2010, with interest continuing to accrue as provided therein; and the Notes have all matured and are fully due and payable by their terms; and

The Court further finds that the Debtor is in the process of constructing a motel to be known as the Baymont Inn & Suites on the Property ("Construction Project"); that the Debtor is in litigation with the former contractor on the Construction Project and that numerous Mechanic's and Materialman's Liens have been filed by vendors and subcontractors on the Property; that work has ceased on the Construction Project due to a lack of funds; that Movant is considering making a post-petition loan to the Debtor provided that certain conditions and requirements are met; and it is therefore

ORDERED that the automatic stay herein shall remain in place provided that the Debtor resumes work on the Construction Project and completes the Construction Project, obtains a Certificate of Occupancy and other required approvals from the necessary authorities, and opens for business on or before July 15, 2010 as a Baymont Inn & Suites, unless delays occur that are the result of third party actions, weather conditions, or other unforeseen contingencies, then, in such case, the hotel may open for business after July 15, 2010 without penalty or default under this Order, but no later than August 1, 2010. The parties may agree in writing to extend the completion deadline; and it is further

ORDERED that the Debtor shall, if requested by Movant, execute renewals and extensions of the Notes extending the maturity dates on all Notes until July 15, 2010, or some later date if requested by the Movant; and it is further

ORDERED that the Debtor shall keep and maintain insurance on the Property in accordance with the terms of the Deeds of Trust and other requirements of Movant; and it is further

ORDERED that the Debtor shall obtain a franchise from Baymont Franchise Systems, Inc. to operate as a Baymont Inn & Suites on or before the date the motel opens for business and keep such franchise in good standing; and it is further

ORDERED that Debtor will provide Movant with a set of keys and allow Movant to inspect the Construction Project at any time until the motel has opened; and it is further

ORDERED that Debtor will provide security for the Construction Project and insure that it is protected from theft and vandalism until the motel has opened for business; and it is further

ORDERED that should the Debtor fail to complete the Construction Project, obtain the necessary approvals and the franchise, and open for business as the Baymont Inn & Suites, in Stanton, Texas, as out above or otherwise default or fail to comply with any of the terms of this Order, the automatic stay under 11 U.S.C. §362 shall be, and is hereby modified and lifted with respect to Movant so that Movant shall be authorized to enforce its lien rights and pursue all of its statutory and contractual remedies, including taking action to foreclose upon and take possession of the Property; and it is further

ORDERED that nothing herein shall prejudice or limit the Movant's rights and remedies

against any co-debtor or co-maker on the Notes, or to seek further relief from the automatic stay against the Debtor, should the Debtor default under the terms of the Notes or Deeds of Trust, or the Movant otherwise believes itself to not be adequately protected. Likewise, nothing herein shall prejudice or limit the rights and remedies any co-debtor or co-maker on the Notes may have against the Movant, or to seek further protection from the Court; and it is further

ORDERED that should the Debtor's case convert to Chapter 7, then the automatic stay shall terminate without further notice or action by this Court; and it is further

ORDERED that the provisions of Bankruptcy Rule 4001(3) are waived.

APPROVED:


  /s/   Dick Harris
Dick Harris, Attorney for Citizens National Bank, a
division of Farmers National Bank of Seymour, Movant


  /s/   Bill Kinkead
Bill Kinkead, Attorney for Borger Hospitality, Inc.,
Debtor



# # # End of Order # # #

Prepared by:

Dick Harris
Law Office of Dick Harris, P.C.
P.O. Box 3835
Abilene, TX  79604
Telephone  (325) 677-3311
Telecopy   (325) 677-3314
Email:  dharris_law_firm@swbell.net
State Bar No. 09056200

---

Attorney for Citizens National Bank, a
division of Farmers National Bank of Seymour, Movant

*order on order on motion for relief (borg hosp ) final.doc*