Bill Kinkead
Kinkead Law Offices
6937 Bell, Suite G
Amarillo, TX 79109
Tel: 806-353-2129
Fax: 806-353-4370
bkinkead713@hotmail.com

Attorney for Debtors

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

IN RE:

| | | |
|---|---|---|
| WHEELER HOSPITALITY, INC. | § | CASE NO. 10-20166-rlj11 |
| PERRYTON HOSPITALITY, INC. | § | CASE NO. 10-20167-rlj11 |
| BORGER PROPERTIES, INC. | § | CASE NO. 10-20168-rlj11 |
| CHILDRESS HOSPITALITY, L.P. | § | CASE NO. 10-20169-rlj11 |
| BORGER HOSPITALITY, INC. | § | CASE NO. 10-20170-rlj11 |
| DECATUR HOSPITALITY, INC. | § | CASE NO. 10-20171-rlj11 |
| Debtors | § | |
| | § | **Jointly Administered Under** |
| | § | **CASE NO. 10-20166-rlj11** |

## SECOND MOTION FOR AUTHORIZATION TO INCUR POST-PETITION FINANCING

### NOTICE

NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT P. O. BOX 15960, AMARILLO, TX 79105-0960 BEFORE THE CLOSE OF BUSINESS ON **JUNE 4, 2010** WHICH IS **TWO (2) DAYS FROM THE SERVICE OF THIS MOTION**. IF SERVICE IS BY MAIL, THREE ADDITIONAL DAYS ARE ALLOWED PURSUANT TO FED.R. BANKR.P. 9006 (f).

ANY RESPONSE MUST BE IN WRITING, FILED WITH THE CLERK AND A COPY SERVED UPON COUNSEL FOR THE MOVING PARTY WITHIN THE TIME DESCRIBED ABOVE. IF NO RESPONSE IS TIMELY FILED, THE RELIEF REQUESTED SHALL BE DEEMED UNOPPOSED AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT.

IF AN OBJECTION IS FILED, A HEARING WILL BE SET WITH NOTICE ONLY TO THE OBJECTING PARTIES.

**TO THE HONORABLE ROBERT L. JONES, Bankruptcy Judge:**

Borger Hospitality, Inc. ("BHI"), the debtor in possession in the above-captioned case ("Debtor" or "Debtor in Possession"), moves the Court for an order authorizing Debtor to incur post-petition financing through Citizens National Bank, located in Childress, Texas. Debtor respectfully represents to the Court as follows:

## I.
### JURISDICTION AND BACKGROUND

1. On March 12, 2010 ("Petition Date"), Debtor filed its voluntary petition under Chapter 11 of the Bankruptcy Code. Debtor is managing its business and affairs pursuant to Bankruptcy Code §§ 1107 - 08.

2. This motion is filed under 11 U.S.C. § 364(d).

3. This is a core proceeding under 28 U.S.C. § 157(b).

4. No trustee has been appointed, and BHI remains as Debtor in Possession.

5. Debtor is in the final stages of completion of a business in Martin County, Texas, named the Baymont Inn & Suites ("Baymont Inn").

6. The purpose of the business is to provide temporary lodging to persons visiting or traveling through the areas in and around Martin County, Texas.

## II.
### FINANCING HISTORY

7. Over the past 2 years, BHI has entered into Promissory Notes with CNB in order to obtain loans to be used in constructing the Baymont Inn.

8. On the Petition Date, Debtor believes it was indebted to CNB for approximately $2,800,000.00.

9. On the Petition Date, Debtor's debt to CNB was secured by the following: (1) the real property upon which the Baymont Inn is currently being constructed, more specifically described in that

certain Deed of Trust, recorded at Volume 260, Page 272, Official Public Records of Martin County, Texas ("Baymont Property"); (2) any and all improvements on the Baymont Property; (3) all equipment, fixtures, furnishings, inventory and personal property located on the Baymont Property; (4) all rents, revenues, profits or other benefits of the Baymont Property; and (5) an absolute assignment of all rents, issues, income, receipts and profits from the Baymont Property.

10. This Court previously approved post petition financing in the amount of $130,000. [Docket # 49]. Because of some unexpected expenses and delays, there is a need for additional financing.

### III.
### NECESSITY OF POST-PETITION FINANCING

11. Debtor anticipates that the Baymont Inn can be completed and operational within 6 to 8 weeks. However, Debtor does not have the funds necessary to complete the Baymont Inn. Accordingly, Debtor must incur post-petition financing in order to complete the Baymont Inn and begin operating same.

12. Debtor believes operation of the Baymont Inn will benefit the bankruptcy estate and all creditors thereof. CNB has expressed a willingness to provide Debtor with post-petition financing: (1) with the terms and conditions of such financing as determined by the parties ("DIP Financing Loan Documents"); and (2) provided that all liens arising out of funds disbursed pursuant to the DIP Financing Loan Documents be provided priority under 11 U.S.C. § 364(d) and secured by a priority lien and security interest in the property described in the DIP Financing Loan Documents, together with newly acquired accounts receivable, contract rights and cash.

13. Post-petition financing is necessary for Debtor to complete construction of the Baymont Inn. In the absence of post-petition financing, Debtor will not be able to complete the Baymont Inn, and therefore, not continue to operate, which would result in the liquidation of Debtor's remaining asset, same being the Baymont Property. Such a liquidation would minimize the extent to which Debtor can realize full value of the Baymont Property.

## IV.
### REQUIRED CAPITAL

14. In order to finish construction and open the Baymont Inn, Debtor will require approximately an additional $250,000.00 of post-petition financing. Most of the construction work is completed, however, there still remains several items that require additional work. In addition, Debtor needs to purchase furnishings, linens, and other items necessary for the operation of a hotel.

15. Debtor anticipates that its plan of reorganization will provide for the payment of the entire amount of the CNB's indebtednesses. Debtor believes that its business operations are subject to reorganization.

16. Debtor believes the terms described above and to be governed by the post-petition loan documents are the only available means to obtain post-petition financing. Thus, to avoid immediate and irreparable harm to the estate, Debtor requests authorization to enter into a post-petition financing agreement with CNB.

17. Debtor is filing a motion to shorten the notice period to 2 days due to the emergency nature of the relief requested and the fact that CNB has signed off on an agreed order for the relief requested. There were no objections to the previous motion for post-petition financing.

**WHEREFORE**, Debtor respectfully requests the Court to enter an Order authorizing Debtor to incur post-petition financing from CNB in the amount of $250,000.00. Debtor asks for such other and further relief as the Court may deem necessary and proper.

Respectfully submitted,

Kinkead Law Offices
6937 S. Bell, Suite G
Amarillo, TX 79109
(806) 353-2129; (806) 353-4370 (FAX)

By: **/s/ Bill Kinkead**
Bill Kinkead
State Bar No. 11477400

Attorney for Debtor
Borger Hospitality, Inc.

CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing document was this 2nd day of June 2010 served electronically by CM/ECF and/or by mail on all parties in interest registered with the U.S. Bankruptcy Court to receive electronic notices or having filed a request to receive a copy of all documents filed in the above-referenced cases as follows:

**BY CM/ECF:**

Misti L. Beanland on behalf of Creditor Summers Group, Inc. dba Rexel
beanland@mssattorneys.com

Thomas A. Bunkley on behalf of Creditor National Bank of Commerce
bunkley41@hotmail.com

Daniel M. Eliades on behalf of Creditor Baymont Franchise Systems, Inc.
deliades@formanlaw.com, dcatuogno@formanlaw.com

Melanie Pearce Goolsby on behalf of Creditor Dilip Patel
mgoolsby@pronskepatel.com,
gpronske@pronskepatel.com;rpatel@pronskepatel.com;cstephenson@pronskepatel.com;jkathman@pronskepatel.com;smeiners@pronskepatel.com;admin@pronskepatel.com;lwhatley@pronskepatel.com

Charles Dick Harris on behalf of Creditor Citizens National Bank - Farmers National Bank of Seymour
dharris_law_firm@swbell.net

Gabriel Dean Herald on behalf of Creditor Citizens National Bank - Farmers National Bank of Seymour
gabeherald@roserockbank.com

John D. Herberger on behalf of Creditor Colorado Electric Supply, Ltd.
john@herbergerlaw.com

David M. Jones on behalf of Creditor Harish L. Patel and Preyesh Kumar
bankruptcy.docs@sprouselaw.com

Bill Kinkead on behalf of Consolidated debtor Borger Hospitality, Inc.
bkinkead713@hotmail.com, billkinkead@gmail.com

Jeff Lashaway on behalf of Creditor Ferguson Enterprises, Inc.
jlashaway@bd-llp.com

Myrtle Davis McDonald on behalf of Creditor West Texas State Bank
mmcdonald@epiqtrustee.com

Christen Carlson Paquin on behalf of Creditor Cowtown Materials, Inc.
cpaquin@mssattorneys.com

DLayne Peeples on behalf of Creditor Hutchinson County Appraisal District c/o
abragg@pbfcm.com

Richard B. Schiro on behalf of Creditor Signature Services Corporation
ampike@schirolaw.com

Michael Wayne Sebesta on behalf of Creditor Triple J Alarm Systems, Inc.
msebesta@chfirm.com, chps.ecfnotices@gmail.com

Michelle E. Shriro on behalf of Creditor Baymont Franchise Systems, Inc.
mshriro@singerlevick.com, ckirkland@singerlevick.com;croote@singerlevick.com

Michael Andrew Stewart on behalf of Creditor CitizensBank
astewart@mhba.com

Don Dwight Sunderland on behalf of Creditor Interstate Bank, SSB
glgrant@mhba.com, dsunderl@mhba.com

UST U.S. Trustee
ustpregion06.da.ecf@usdoj.gov, albert.loftus@usdoj.gov

Elizabeth Weller on behalf of Creditor Wise CAD
dallas.bankruptcy@publicans.com

Charles Coleman Young on behalf of Creditor Gaurav Patel
cole@templetonsmithee.com, tamme@templetonsmithee.com

**BY MAIL AND EMAIL TO:**

David S. Catuogno
Forman Holt Eliades & Ravin LLC
80 Route 4 East, Ste. 290
Paramus, NJ 07652

dcatuogno@formanlaw.com

Kirk Crutcher
Mayfield, Crutcher & Sharpee, LLP
320 S. Polk, Ste. 400
Amarillo, TX 79101

kcrutcher@mcs-law.com

Scott W. Sharp on behalf of Creditor Associated Supply Company, Inc.
Timberlake, Weaver & Sharp, P.C.
1408 A Buddy Holly Avenue
Lubbock, TX 79401

swsharp@twsattorneys.com

                                                    **/s/ Bill Kinkead**_____
                                                    Bill Kinkead