

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**United States Bankruptcy Judge**

**Signed June 08, 2010**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: | | |
| WHEELER HOSPITALITY, INC. | § | CASE NO. 10-20166-rlj11 |
| PERRYTON HOSPITALITY, INC. | § | CASE NO. 10-20167-rlj11 |
| BORGER PROPERTIES, INC. | § | CASE NO. 10-20168-rlj11 |
| CHILDRESS HOSPITALITY, L.P. | § | CASE NO. 10-20169-rlj11 |
| BORGER HOSPITALITY, INC. | § | CASE NO. 10-20170-rlj11 |
| DECATUR HOSPITALITY, INC. | § | CASE NO. 10-20171-rlj11 |
| Debtors | § | |
| | § | **Jointly Administered Under** |
| | § | **CASE NO. 10-20166-rlj11** |

### SECOND AGREED ORDER AUTHORIZING DEBTOR TO INCUR POST-PETITION FINANCING

On the ___ day of June, 2010, came on to be considered the Second Motion for Authorization to Incur Post-Petition Financing ("Motion") filed by Borger Hospitality, Inc. ("Debtor" or "Debtor in

576796.01
2950.01

Possession" or "BHI"). The Court finds that notice and opportunity for hearing was proper and adequate under the circumstances. The Court having considered the Motion, the record and the agreement of the parties, Citizens National Bank, located in Childress, Texas ("CNB" or "Bank") by and through its counsel, and Debtor, by and through its proposed counsel, and having determined that the Motion was proper in all respects, finds as follows:

1. Debtor commenced this proceeding on March 12, 2010 ("Petition Date") by filing a voluntary petition under Chapter 11 of the Bankruptcy Code. Since the Petition Date, Debtor has remained in possession of its assets and continued in operation of its business as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108.

2. This Court has jurisdiction over this proceeding and the parties and property affected hereby pursuant to 28 U.S.C. §§ 1134 and 157. Consideration of the Motion constitutes a core proceeding as defined in 11 U.S.C. § 157(b).

3. Debtor is in the final stages of constructing a business in Martin County, Texas, named the Baymont Inn & Suites ("Baymont"). The purpose of Debtor's business will be to provide temporary lodging to persons visiting or traveling through the areas in and around Martin County, Texas.

4. On the Petition Date, Debtor believes it was indebted to CNB for approximately $2,800,000.00.

5. On the Petition Date, Debtor's debt to CNB was secured by the following: (1) a 1.93 acre tract of land ("Baymont Property") located in Section 14, Block 36, Martin County, Texas, more specifically described in that certain Deed of Trust, recorded at Volume 260, Page 272, Official Public Records of Martin County, Texas; (2) any and all improvements on the Baymont Property; (3) all equipment, fixtures, furnishings, inventory and personal property located on the Baymont Property; (4) all rents, revenues, profits or other benefits of the Baymont Property; and (5) an absolute assignment of all

rents, issues, income, receipts and profits from the Baymont Property (collectively the "Pre-Petition Liens).

6.  Debtor anticipates that the Baymont Inn can be completed and operational within 4 to 6 weeks of resuming construction. However, Debtor does not have the funds necessary to complete the Baymont Inn. This Court previously approved post petition financing in the amount of $130,000. [Docket # 49] which loan was funded by CNB. However, there is a need for additional financing to finish the project. Accordingly, Debtor must incur additional post-petition financing in order to complete the Baymont Inn and begin operating same.

7.  Debtor believes operation of the Baymont Inn will benefit the bankruptcy estate and all creditors thereof. CNB has expressed a willingness to provide Debtor with additional post-petition financing: (1) with the terms and conditions of such financing as determined by the parties ("DIP Financing Loan Documents"); and (2) provided that all funds disbursed pursuant to the DIP Financing Loan Documents be secured by the Pre-Petition Liens, provided priority under 11 U.S.C. § 364(d) and secured by a priority lien and security interest in the property described in the DIP Financing Loan Documents, together with newly acquired accounts receivable, contract rights and cash.

8.  Debtor will require up to $250,000.00 of additional post-petition financing in order to complete construction of, and begin operations at, the Baymont Inn.

9.  Post-petition financing is necessary for Debtor to complete construction of the Baymont Inn. In the absence of post-petition financing, Debtor will not be able to complete the Baymont Inn, and therefore, not continue to operate, which would result in the liquidation of Debtor's remaining asset, same being the Baymont Property. Such a liquidation would minimize the extent to which Debtor can realize full value of the Baymont Property.

IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED as follows:

10. For the term of this Order, same being through the date a plan of reorganization is confirmed in this case, Debtor shall be permitted to incur additional post-petition financing from CNB in an amount not greater than $250,000.00.

11. The terms and conditions of the DIP Financing Loan Documents shall be as agreed upon by the parties, and CNB is under no obligation to advance any sums to the Debtor in the absence of an agreement, satisfactory to CNB.

12. To the extent funds are disbursed pursuant to this Order and the DIP Financing Loan Documents, such disbursements shall be secured by the Pre-Petition Liens, with the same priority as against other liens as the existing indebtedness owed to CNB and the prior post petition financing furnished by CNB. All funds advanced shall also be secured by a priority lien and security interest, in favor of CNB, in the property described in the DIP Financing Loan Documents, together with newly acquired accounts receivable, contract rights and cash, and such lien shall be provided priority under 11 U.S.C. § 364(d).

13. This Order shall become effective immediately upon entry.

###END OF ORDER###


AGREED:


/s/ Bill Kinkead
Bill Kinkead
Kinkead Law Offices


*ATTORNEY FOR DEBTOR*

/s/ Dick Harris
Dick Harris
Law Office of Dick Harris, P.C.


576796.01
2950.01

*ATTORNEY FOR CITIZENS NATIONAL BANK*

576796.01
2950.01