# EXHIBIT A

# AUER LITIGATION



587802v1

# <u>EXHIBIT B</u>

# DISPUTED JUDGMENT

Montgomery County District Court
***FILED***
LexisNexis Transaction ID 29537909
Date: Feb 12 2010 11:02AM
Barbara Adamick, Clerk

CAUSE NO. 09-01-00563

| | |
|---|---|
| BORGER PROPERTIES, INC., et al. | § IN THE DISTRICT COURT |
| **PLAINTIFFS** | § |
| V. | § 9th JUDICIAL DISTRICT |
| AUER CORPORATION, et al. | § |
| **DEFENDANTS** | MONTGOMERY COUNTY, TEXAS |

FINAL JUDGMENT

On February 12, 2010, this case was called for trial. Auer Corporation appeared through its representative and its attorney and Raymond Teague appeared in person and through his attorney. Wheeler Hospitality, Inc., Toli, Inc., Decatur Hospitality, Inc., Borger Hospitality, Inc., Borger Properties, Inc., and Childress Hospitality, L.P. did not appear.

Auer Corporation and Raymond Teague moved for default judgment. The Court determined it had jurisdiction over the subject matter and the parties in this proceeding. After considering the pleadings, the papers on file in this case, and the evidence plaintiff presented on liability, damages, and attorney fees, the court grants Auer Corporation and Raymond Teague's motion for default judgment.

The Court orally RENDERED judgment for Auer Corporation and Raymond Teague on February 12, 2010. This written judgment memorializes that rendition.

The Court GRANTED the motions to dismiss with prejudice for want of prosecution.

This judgment is final, disposes of all claims and all parties, and is appealable.

The Court ORDERS execution to issue for this judgment.

### 1.   FINDINGS OF FACT AND LAW

The Court has found all facts and law necessary to the judgments entered below. In addition and without limitation, the Court finds specifically as follows:

1) That all parties had due and proper notice of this trial in accordance with Texas law and that all parties had due and proper notice of this Court's intention to dismiss these actions if the parties failed to appear at the pretrial conference held on February 5, 2010.

1) That Auer Corporation and Raymond Teague appeared through counsel at the pretrial conference.

2) That Wheeler Hospitality, Inc., Toli, Inc., Decatur Hospitality, Inc., Borger Hospitality, Inc., Borger Properties, Inc., and Childress Hospitality, L.P. did not appear at the pretrial conference.

3) That Auer Corporation and Raymond Teague provided sufficient evidence proving liability, causation, and damages.

4) That the date of trial herein was reset from September 2009 to February 2010 upon motion of counsel for Wheeler Hospitality, Inc., Toli, Inc., Decatur Hospitality, Inc., Borger Hospitality, Inc., Borger Properties, Inc., and Childress Hospitality, L.P. and that the causes herein have been on file for more than a year before the date of trial.

5) That all causes of action set forth herein were tried by consent or trial amendment.

6) The hotel owners who are parties to this case are Wheeler Hospitality, Inc., Toli, Inc., Decatur Hospitality, Inc., Borger Hospitality, Inc., Borger Properties, Inc., and Childress Hospitality, L.P. and are referred to herein as the "Hotel Owners" and that term refers to each of them separately and individually.

7) That the actions of Harish Patel are attributable to and are the actions of the Hotel Owners.

8) That Auer Corporation entered into valid and binding contracts (the "Contracts") with the following companies for the construction of hotels (the "Hotels") on the dates indicated:

  a) Wheeler Hospitality, Inc. and Toli, Inc. for the construction of a Baymont Inn & Suites in Wheeler, Texas;

  b) Decatur Hospitality, Inc., for the construction of a Baymont Inn & Suites in Decatur, Texas;

  c) Borger Hospitality, Inc. and Toli, Inc. for the construction of a Baymont Inn & Suites in Snyder, Texas;

  d) Borger Hospitality, Inc. and Toli, Inc. for the construction of a Baymont Inn & Suites in Stanton, Texas;

  e) Borger Properties, Inc. for the construction of a Hampton Inn & Suites in Borger, Texas; and

  f) Childress Hospitality, L.P. and Toli, Inc. for the construction of a Hampton Inn & Suites in Childress, Texas;

  g) Perryton Hospitality, Inc. and Toli, Inc. for the construction of a Baymont Inn & Suites in Perryton, Texas.

9) That the Hotel Owners made various changes and modifications to the plans for their respective hotels and that they are obligated to pay both the increased cost of such changes and a reasonable profit for Auer Corporation in carrying out such changes.

10) That Auer Corporation fully performed all of its obligations under the Contracts, including but not limited to the following:

  a) That Auer Corporation built each of the Hotels in a good and workmanlike manner in accordance with the plans and applicable industry standards;

  b) That Auer Corporation built each of the Hotels in accordance with applicable building codes, franchise requirements, and regulatory requirements;

  c) That Auer Corporation complied with all of the deadlines applicable to the Contracts.

11) That the Hotel Owners and each of them breached their Contracts with Auer Corporation, including but not limited to by not paying the amounts properly due and owing to Auer Corporation.

12) That the amounts paid by the Hotel Owners under the Contracts were properly due and owing to Auer thereunder.

13) That Auer Corporation honestly and correctly submitted, in accordance with the Contracts and with applicable industry custom, appropriate interim demands for payment, which are referred to as draw requests which reflected a good faith approximation by Auer Corporation of the progress of the construction of the various Hotels and the amounts due for work done and materials ordered or delivered and work done.

14) That the Hotel Owners were obligated to pay those draw requests seven days after their submission and that they failed to do so which proximately caused losses to Auer.

15) That Auer Corporation substantially performed its Contracts with the Hotel Owners and is entitled to recover thereon.

16) That any problem with the construction of the hotels in question and any default by Auer Corporation under its Contracts was waived by the Hotel Owners and that they are estopped to assert any breach of contract by Auer Corporation or to complain of any flaw in the construction of the hotels in question.

17) That Auer Corporation and Raymond Teague behaved honestly and in good faith toward the Hotel Owners.

18) That under the facts of the relationship of the parties, the Hotel Owners owed Auer Corporation and Raymond Teague a duty of good faith, which they breached.

19) That Auer Corporation, in good faith and in reliance on the promises of the Hotel Owners, contracted with various subcontractors and suppliers to provide labor and materials for the construction of the Hotels and that those contracts were for the benefit of the Hotel Owners in regard to their respective Hotels.

20) That Auer Corporation paid all amounts properly due and owing to subcontractors and suppliers from the amounts paid to it by the Hotel Owners pursuant to the draw requests.

21) That no amounts were improperly diverted by Auer Corporation or Raymond Teague from amounts paid to Auer by the Hotel Owners.

22) That the Hotel Owners are liable to the subcontractors and suppliers with whom Auer contracted for any amount still due and owing to such subcontractors and suppliers.

23) That the Hotel Owners received materials and had labor performed on their respective Hotels after Auer Corporation ceased to be the general contractor.

24) That the Hotel Owners are liable to any subcontractor and supplier who delivered materials or performed labor after Auer ceased to be general contractor or terminated its Contracts with the Hotel Owners for the full amount owing on the materials delivered or the labor performed and should indemnify Auer Corporation and Raymond Teague therefor.

25) That the Hotel Owners and Harish Patel committed fraud against Raymond Teague, including statutory and common law fraud, and that such fraud proximately caused him loss and damage.

26) That the Hotel Owners and Harish Patel committed fraud against Auer Corporation, including statutory and common law fraud, and that such fraud proximately caused it loss and damage.

27) That the Hotel Owners' actions damaged Auer Corporation's relationships with its customary subcontractors and suppliers and caused Auer Corporation to be sued by them in over 30 lawsuits.

28) That Auer Corporation and Raymond Teague have incurred reasonable and necessary costs and expenses, including legal fees, in connection with those suits, and will incur further costs.

29) That, in reasonable probability, if Decatur Hospitality, Inc., Borger Hospitality, Inc., and Borger Properties, Inc. had not breached their respective Contracts and otherwise impeded Auer Corporation's efforts to perform those Contracts, Auer Corporation would have completed the construction of the respective Hotels in a timely, workmanlike, and acceptable manner in compliance with the Contracts and that those Hotels would have been open for business and earning money as follows:

a) Baymont Inn, Decatur, Texas, March 2009;
b) Baymont Inn, Stanton, Texas, March 2009;
c) Hampton Inn, Borger, Texas, July 2009.

30) That because of the actions of the Hotel Owners, those hotels are not open for business, causing losses to Teague on his investments therein.

31) That Auer Corporation was entitled to terminate the Contracts and that Auer Corporation did lawfully terminate those Contracts.

32) That Auer Corporation incurred costs, in addition to those required by the Contracts, in an effort to keep these hotel construction projects going when the Hotel Owners did not pay on time.

33) That Auer Corporation suffered losses of money, property, and equipment when it was forced to terminate the Contracts at issue.

34) That Wheeler Hospitality, Inc., Decatur Hospitality, Inc., Toli, Inc., Borger Hospitality, Inc., Borger Properties, Inc., and Childress Hospitality, L.P. were and are obligated to pay Auer Corporation the full amounts under their respective Contracts.

35) That the Hotel Owners were obligated by law, contract, and representations made to Auer Corporation to withhold 10 per cent of all amounts paid to subcontractors and suppliers under the Contracts and to maintain such amounts in separate accounts according to Texas law for the benefit and protection of Auer Corporation.

36) Auer Corporation was entitled to and did properly perfect valid liens on the hotel projects in question as follows:

Baymont Inn & Suites, Wheeler, Texas owned by Wheeler Hospitality, Inc.

Hampton Inn & Suites, Childress, Texas owned by Childress Hospitality, Inc.

Hampton Inn & Suites, Borger, Texas owned by Borger Properties, Inc.

Baymont Inn & Suites, Decatur, Texas owned by Decatur Hospitality, Inc.

Baymont Inn & Suites, Stanton, Texas owned by Borger Hospitality, Inc.

Baymont Inn & Suites, Snyder, Texas owned by Borger Hospitality, Inc.

37) That Auer Corporation has the present right to and is entitled to foreclose on such liens.

38) That Borger Hospitality, Inc., Childress Hospitality, L.P., and Borger Properties, Inc. each unjustifiably failed and refused to furnish the financial information from which such profits could be calculated accurately, when such information was requested of them, and that the Court is therefore entitled to assess damages based on the testimony of Raymond Teague.

39) That Auer Corporation justifiably relied on the Hotel Owners' false statements and promises in entering into the Contracts and Raymond Teague justifiably relied on the Hotel Owners' false statements and promises in making investments, guaranteeing loans, depositing funds, and taking other actions in connection with the Hotels.

40) That Raymond Teague justifiably reposed trust and confidence in Harish Patel, in Chetan Parikh, and in Wheeler Hospitality, Inc., Decatur Hospitality, Inc., Toli, Inc., Borger Hospitality, Inc., Borger Properties, Inc., and Childress Hospitality, L.P. which gave rise to a fiduciary duty on their part to him.

41) That Harish Patel, Chetan Parikh, Wheeler Hospitality, Inc., Decatur Hospitality, Inc., Toli, Inc., Borger Hospitality, Inc., Borger Properties, Inc., and Childress Hospitality, L.P. breached their fiduciary duties to Raymond Teague.

42) That Raymond Teague made the following investments in reliance on the promises and representations made to him by Harish Patel, Chetan Parikh, Wheeler Hospitality, Inc., Decatur Hospitality, Inc., Toli, Inc., Borger Hospitality, Inc., Borger Properties, Inc., and Childress Hospitality, L.P. and as a proximate result of the fraud and economic duress perpetrated on him by them:

   a) $125,000 in connection with the Baymont Inn in Snyder, Texas;
   b) $125,000 in connection with the Baymont Inn in Stanton, Texas;
   c) $110,000 in connection with the Baymont Inn in Decatur, Texas;
   d) $150,000 in connection with the Hampton Inn in Childress, Texas;
   e) $300,000 in connection with the Hampton Inn in Borger, Texas; and
   f) $130,000 in connection with a proposed Marriott Hotel in Fredericksburg, Texas to be owned by FDG Properties, Inc.

43) That Harish Patel, Chetan Parikh, and Decatur Hospitality, Inc., Borger Properties, Inc., and Borger Properties, Inc. promised that as a result of such investment Raymond Teague would be a shareholder in and would own the following percentage of the stock of each such entity:

   a) 20 percent of Borger Properties, Inc.
   b) 20 per cent of Borger Hospitality, Inc.
   c) 10 per cent of Decatur Hospitality, Inc.
   d) 10 per cent of FDG Properties, Inc.

44) That Harish Patel, Chetan Parikh, and Childress Hospitality, L.P. promised that as a result of such investment Raymond Teague would be a limited partner in Childress Hospitality, L.P. and would own the a ten percent interest therein.

45) That Raymond Teague owns the foregoing interests.

46) That Decatur Hospitality, Inc., Borger Properties, Inc., and Borger Hospitality, Inc. committed oppression of Raymond Teague as a minority shareholder and that they did not afford him the rights of a shareholder, including access to the books and records of the companies.

47) That Childress Hospitality, Inc. breached its fiduciary and statutory obligations to Raymond Teague as a limited partner and failed to afford him the rights of a limited partner, including access to the books and records of the partnership.

48) That Harish Patel and the Hotel Owners committed economic duress against Raymond Teague.

49) That Raymond Teague entered into a guarantee of Decatur Hospitality, Inc.'s loans from Interstate Bank at Amarillo in the original principal amounts of $2,757,000.00 and $331,360.00 as a proximate result of that fraud and economic duress.

50) That Raymond Teague entered into the guarantee of Borger Hospitality, Inc.'s construction loan no. 92124 from National Bank of Commerce under which the bank claims that his liability is "unlimited" as a proximate result of that fraud and economic duress.

51) That Raymond Teague put $100,000.00 in a certificate of deposit at West Texas State Bank and $150,000.00 at National Bank of Commerce as a proximate result of that fraud and economic duress.

52) That Raymond Teague incurred expenses including legal fees in recovering his deposits from the foregoing banks.

53) That Harish Patel threatened to put Auer Corporation out of business and to ruin Raymond Teague.

54) That Wheeler Hospitality, Inc., Decatur Hospitality, Inc., Toli, Inc., Borger Hospitality, Inc., Borger Properties, Inc., and Childress Hospitality, L.P. through Harish Patel and their attorney Wade Arnold committed libel and slander against Raymond Teague, including libel and slander per se, and Raymond Teague was proximately damaged thereby;

55) That Wheeler Hospitality, Inc., Decatur Hospitality, Inc., Toli, Inc., Borger Hospitality, Inc., Borger Properties, Inc., and Childress Hospitality, L.P. through Harish Patel and their attorney Wade Arnold committed business disparagement of Auer Corporation and Auer Corporation was proximately damaged thereby in its business;

56) That Wheeler Hospitality, Inc., Decatur Hospitality, Inc., Toli, Inc., Borger Hospitality, Inc., Borger Properties, Inc., and Childress Hospitality, L.P. through Harish Patel and their attorney, Wade Arnold interfered with the contract of Auer Corporation with Randhawa Brothers, Inc. to construct a hotel in Carthage, Texas, as a result of which Randhawa Brothers, Inc. terminated that contract, and Auer Corporation was proximately damaged thereby.

57) That Wheeler Hospitality, Inc., Decatur Hospitality, Inc., Toli, Inc., Borger Hospitality, Inc., Borger Properties, Inc., and Childress Hospitality, L.P. through Harish Patel and their attorney Wade Arnold induced Randhawa Brothers, Inc. and persons associated with it, including Tony Singh, to seize property belonging to Auer Corporation or on which Auer Corporation asserted a lien, and that Auer Corporation was proximately damaged thereby.

58) That Borger Properties, Inc. committed abuse of process against Auer Corporation and Auer Corporation was proximately damaged thereby.

59) That the Hotel Owners interfered with prospective contracts of Auer Corporation with other persons desiring to construct hotel projects and that Auer Corporation was damaged thereby.

60) That Wheeler Hospitality, Inc., Decatur Hospitality, Inc., Toli, Inc., Borger Hospitality, Inc., Borger Properties, Inc., and Childress Hospitality, L.P. had no privilege or excuse for their actions involving Raymond Teague and Auer Corporation.

61) That Harish Patel and the Hotel Owners acted with malice and with conscious indifference to the rights of Auer Corporation and Raymond Teague.

62) That Auer Corporation owes nothing to Toli, Inc., Wheeler Hospitality, Inc., Decatur Hospitality, Inc., Borger Hospitality, Inc., Borger Properties, Inc., or Childress Hospitality, L.P.

63) That Raymond Teague owes nothing to Toli, Inc., Wheeler Hospitality, Inc., Decatur Hospitality, Inc., Borger Hospitality, Inc., Borger Properties, Inc., or Childress Hospitality, L.P.

64) That Harish Patel and the Hotel Owners conspired to commit the wrongful actions described herein, including breach of contract, fraud, interference with contract, and abuse of process.

65) That Wheeler Hospitality, Inc., Toli, Inc., Decatur Hospitality, Inc., Borger Hospitality, Inc., Borger Properties, Inc., and Childress Hospitality, L.P. are jointly and severally liable for all amounts due and owing to Raymond Teague and Auer Corporation.

66) That Auer Corporation was previously a profitable business and that it is now out of business and its credit rating is ruined as a proximate result of the wrongful conduct of Wheeler Hospitality, Inc., Decatur Hospitality, Inc., Toli, Inc., Borger Hospitality, Inc., Borger Properties, Inc., and Childress Hospitality, L.P.

67) That Decatur Hospitality, Inc. executed a mechanic's lien note payable to Auer Corporation, that Decatur Hospitality, Inc. has defaulted thereon, and that same is due and payable in full and that the interest rate thereon is ten percent.

68) That as a proximate result of the actions of Wheeler Hospitality, Inc., Decatur Hospitality, Inc., Toli, Inc., Borger Hospitality, Inc., Borger Properties, Inc., and Childress Hospitality, L.P. the credit rating of Raymond Teague has been damaged and that their actions have rendered him unable to pay his debts.

69) That the torts committed by the Hotel Owners have foreseeably and proximately caused Raymond Teague mental distress and anguish, including loss of sleep.

70) That the Contracts at issue in this cause provided for interest at the rate prevailing in the place where the hotels were to be constructed, which is Texas.

71) That the amounts of damages set forth below as awarded to Auer Corporation are supported by fact and law. Such damages include but are not limited to the following components:
   a) Wheeler Hospitality, Inc. for $446,161.80 due on its contract with Auer Corporation.
   b) Decatur Hospitality, Inc. for $1,900,661.00 due on its contract with Auer Corporation.
   c) Borger Hospitality, Inc. for $1,425,274.00 due on its contract with Auer Corporation to built the Baymont Inn in Snyder, Texas.
   d) Borger Hospitality, Inc. for $632,902.00 due on its contract with Auer Corporation to built the Baymont Inn in Stanton, Texas.
   e) Borger Properties, Inc. for $1,650,568.73 due on its contract with Auer Corporation to build the Hampton Inn in Borger, Texas.
   f) Childress Hospitality, L.P. for $1,109,530.73 due on its contract with Auer Corporation. g) $400,000 for lost profits on the Randhawa Brothers, Inc. contract.
   h) $450,000 lost profit on the contract for Auer to build the Marriott Hotel in Fredericksburg;
   i) $1.1 million for amounts that Auer Corporation may held liable to pay to subcontractors and suppliers who furnished labor and materials on the Hotels.
   j) $669,068.63 in additional expenses, costs, and losses caused by the breaches of the Contracts.
   k) $1.6 million for lost profits that Auer would otherwise have earned but for the actions of Wheeler Hospitality, Inc., Toli, Inc., Decatur Hospitality, Inc., Borger Hospitality, Inc., Borger Properties, Inc., and Childress Hospitality, L.P., including in 2009 $600,000.00 and in 2010 $1 million.

72) That the amounts of damages set forth below as awarded to Raymond Teague are supported by fact and law. Such damages include the following:
   a) $940,000 invested in the various Hotel Owners.
   b) $250,000.00 for damages to his reputation, to his credit rating, and losses sustained thereby.
   c) $100,000.00 for mental anguish, worry, and lost sleep.

d)  $25,000.00 for the cost and expense incident to the guarantees and certificates of deposit.

73) That Auer Corporation is entitled to an award of its attorneys' fees under applicable law and doctrines of equity, including that Auer Corporation's claim is one for services rendered, for breach of contract, and for labor performed, and that it presented its claims and demands for payment to Decatur Hospitality, Inc., Wheeler Hospitality, Inc., Toli, Inc., Borger Hospitality, Inc., Borger Properties, Inc., and Childress Hospitality, Inc.

74) That Raymond Teague is entitled to recover his attorneys' fees under applicable law and under doctrines of law.

75) That the attorneys' fees set forth below are reasonable and necessary, are supported by testimony, and should be awarded.

76) That the conduct of Wheeler Hospitality, Inc., Toli, Inc., Decatur Hospitality, Inc., Borger Hospitality, Inc., Borger Properties, Inc., and Childress Hospitality, L.P. warrants the imposition of exemplary damages.

77) In awarding such exemplary damages, the Court has considered the following:

     a.    The nature of the wrongs committed.

     b.    The character of the conduct involved.

     c.    The degree of culpability of Wheeler Hospitality, Inc., Toli, Inc., Decatur Hospitality, Inc., Borger Hospitality, Inc., Borger Properties, Inc., and Childress Hospitality, L.P..

     d.    The situation and sensibilities of the parties concerned.

     e.    The extent to which such conduct offends a public sense of justice and propriety.

     f.    The net worth of each of Wheeler Hospitality, Inc., Toli, Inc., Decatur Hospitality, Inc., Borger Hospitality, Inc., Borger Properties, Inc., and Childress Hospitality, L.P..

## II.    JUDGMENT FOR AUER CORPORATION

The Court orders that Auer Corporation recover damages from Wheeler Hospitality, Inc., Toli, Inc., Decatur Hospitality, Inc., Borger Hospitality, Inc., Borger Properties, Inc., and Childress Hospitality, L.P. jointly and severally in the total sum of $11,359,166.09 (eleven million three hundred and fifty nine thousand one hundred sixty six dollars and nine cents), as well as prejudgment interest at the annual rate of 5 per cent, in the sum of $567,958.30 (five hundred sixty seven thousand nine hundred and fifty eight dollars and thirty cents), postjudgment interest on $11,359,166.09 at the annual rate of 5 per cent from the date of this judgment, and court costs in the amount of $1000.00.

Auer Corporation requested attorney fees based on Tex. Civ. Prac & Rem. Code §38.001 and other grounds. Auer Corporation offered evidence at trial proving reasonable and necessary attorney fees as follows:

For trial of this matter: $250,000.00

In the event of an appeal to the appellate courts: $50,000.00

In the event of further appeals to the Texas Supreme Court: $25,000.00.

The court orders Wheeler Hospitality, Inc., Toli, Inc., Decatur Hospitality, Inc., Borger Hospitality, Inc., Borger Properties, Inc., and Childress Hospitality, L.P. jointly and severally to pay Auer Corporation the foregoing amounts.

Auer Corporation is further awarded exemplary damages from Wheeler Hospitality, Inc., Toli, Inc., Decatur Hospitality, Inc., Borger Hospitality, Inc., Borger Properties, Inc., and Childress Hospitality, L.P. jointly and severally in the amount of $13 million (thirteen million dollars).

### III.    JUDGMENT FOR RAYMOND TEAGUE

The Court orders that Raymond Teague recover actual damages from Wheeler Hospitality, Inc., Toli, Inc., Decatur Hospitality, Inc., Borger Hospitality, Inc., Borger Properties, Inc., and Childress Hospitality, L.P. jointly and severally in the total sum of $1,315,000.00 (one million three hundred fifteen thousand dollars), as well as prejudgment interest on that sum at the annual rate of 5 per cent in the sum of $65,750.00 (sixty five thousand seven hundred and fifth dollars) post judgment interest on that sum from the date hereof at the annual rate of 5 per cent, and court costs in the amount of $1000.00.

Raymond Teague requested attorney fees based on Tex. Civ. Prac & Rem. Code §38.001 and other grounds. Raymond Teague offered evidence at trial proving reasonable and necessary attorney fees in the following amounts:

For trial of this matter: $100,000.00

In the event of an appeal to the appellate courts: $25,000.00

In the event of further appeals to the Texas Supreme Court: $15,000.00.

The Court orders Wheeler Hospitality, Inc., Toli, Inc., Decatur Hospitality, Inc., Borger Hospitality, Inc., Borger Properties, Inc., and Childress Hospitality, L.P. jointly and severally to pay Raymond Teague the foregoing amounts for attorney fees.

Raymond Teague is further awarded exemplary damages from Wheeler Hospitality, Inc., Toli, Inc., Decatur Hospitality, Inc., Borger Hospitality, Inc., Borger Properties, Inc., and Childress Hospitality, L.P. jointly and severally in the amount of $1.5 million.

IV.    DECLARATORY JUDGMENT FOR AUER CORPORATION

The Court hereby declares and enters judgment that the liens filed by Auer Corporation are valid and binding liens on the following properties as further described in those lien documents:

Baymont Inn & Suites, Wheeler, Texas owned by Wheeler Hospitality, Inc.

Hampton Inn & Suites, Childress, Texas owned by Childress Hospitality, Inc.

Hampton Inn & Suites, Borger, Texas owned by Borger Properties, Inc.

Baymont Inn & Suites, Decatur, Texas owned by Decatur Hospitality, Inc.

Baymont Inn & Suites, Stanton, Texas owned by Borger Hospitality, Inc.

Baymont Inn & Suites, Snyder, Texas owned by Borger Hospitality, Inc.

The Court further enters judgment and declares that Wheeler Hospitality, Inc., Decatur Hospitality, Inc., Toli, Inc., Borger Hospitality, Inc., Borger Properties, Inc., and Childress Hospitality, L.P. are liable to Auer Corporation for any and all amounts that it may be determined that Auer Corporation owes to subcontractors and suppliers as a result of work done on or materials furnished to the above-listed hotels.

The Court further declares that Wheeler Hospitality, Inc., Decatur Hospitality, Inc., Toli, Inc., Borger Hospitality, Inc., Borger Properties, Inc., and Childress Hospitality, L.P. are liable for any amounts owing to subcontractors and suppliers for work done on or materials furnished to the above Hotels after the date when Auer Corporation ceased to be the general contractor, that Auer Corporation is not liable therefor, and that the Hotel Owners should indemnify and protect Auer from such liability.

## V.   JUDGMENT OF FORECLOSURE

The Court hereby declares and enters judgment that Auer Corporation is entitled to foreclose upon the above-described liens.

## VI.   DECLARATORY JUDGMENT FOR RAYMOND TEAGUE

The Court declares and enters judgment that Raymond Teague is a shareholder in the following companies and is entitled to all of the rights and privileges thereof, as follows:

Twenty percent of Borger Properties, Inc.

Ten percent of Decatur Hospitality, Inc. and

Twenty percent of Borger Hospitality, Inc.

The Court further declares and enters judgment that Raymond Teague is a limited partner in
Childress Hospitality, L.P. and owns a ten percent interest therein and is entitled to all of the rights
and privileges appertaining thereto.

SO ORDERED.


The Honorable Fred Edwards, Judge Presiding

# EXHIBIT C

# SUMMARY PLAN TREATMENT - SECURED CREDITORS

## EXHIBIT C - SUMMARY PLAN TREATMENT - SECURED CREDITORS

## CLASS 2(a)
**WHEELER HOSPITALITY - Plan Treatment Summary**

CONSTRUCTION NOTE:
Renewed Note extended on November 9, 2010

| | |
|---|---|
| Principal | $2,165,044.29 |
| Rate | 5.00% |
| Subject to change every five years | |
| Prime rate with a floor of 5% and ceiling of 10% | |
| Amortization | 240 months |
| Maturity | 60 months |
| Payments to begin | 9-Dec-10 |
| Payment Amount | $14,288.33 |

## CLASS 2(b)
**PERRYTON HOSPITALITY - Plan Treatment Summary**

CONSTRUCTION NOTE:
Renewed Note extended on November 29, 2010

| | |
|---|---|
| Principal | $2,863,105.76 |
| Rate | 5.50% |
| Subject to change every five years | |
| Prime rate plus .5% | |
| With a floor of 5.5% and ceiling of 10% | |
| Amortization | 240 months |
| Maturity | 60 months |
| Payments to begin | 15-Dec-10 |
| Payment Amount | $19,694.94 |

## CLASS 2(c)
**CHILDRESS HOSPITALITY - Plan Treatment Summary**

Collateral Foreclosed
Treated as surrendered for value

## CLASS 2(d)
**BORGER HOSPITALITY - (SNYDER) - Plan Treatment Summary**

New Promissory Note to be executed

| | |
|---|---|
| Principal | $2,800,000.00 |
| Rate | 5.00% |
| Amortization | 360 months |
| Maturity | 60 months |
| Payments to begin | 1-Mar-11 |
| Payment Amount | $15,031.01 |

## CLASS 2(e)
**BORGER HOSPITALITY - (STANTON) - Plan Treatment Summary**

Collateral Foreclosed
Treated as surrendered for value

## CLASS 2(f)
**BORGER PROPERTIES - Plan Treatment Summary**

| | |
|---|---|
| Prepetition Debt | $5,000,000.00 |
| Postpetition Financing | $720,433.65 |
| Interest to Completion | $350,000.00 estimated |
| Legal fees | ?? |
| Plan Principal | $6,070,433.65   Estimated |
| Rate | 5.00% |

  1) Fixed first 24 months
  2) Prime rate plus 2.0% beginning 25th month
    Adjusted Quarterly

| | |
|---|---|
| Amortization | 360 months |

  Interest only for first six months

| | |
|---|---|
| Maturity | 60 months |
| Payments expected begin | 31-May-11 |
| Payment Amount - Amortized | $32,587.40 |
| Payment Amount - Interest Only | $25,293.47 |

## CLASS 2(g)
**DECATUR HOSPITALITY - Plan Treatment Summary**

CONSTRUCTION NOTE:
Renewed Note extended on December 14, 2010

| | |
|---|---|
| Principal | $2,757,000.00 |
| Rate | 5.50% |
| Amortization | 240 months |
| Maturity | 60 months |
| Payments to begin | 6-May-11 |
| Payment Amount | $18,965.05 |

FF&E NOTE:
Renewed Note extended on December 14, 2010

| | |
|---|---|
| Principal | $331,360.00 |
| Rate - (Fixed for term) | 5.50% |
| Amortization | 240 months |
| Maturity | 60 months |
| Payments to begin | 6-May-11 |
| Payment Amount | $2,279.38 |

OR - as Consolidated Note:

| | | |
|---|---|---|
| Principal - Contruction Note | $2,757,000.00 | |
| Principal - FF&E Note | $331,360.00 | |
| Attorney Fees | $10,000.00 | estimate |
| **TOTAL Consolidated Note** | **$3,098,360.00** | |
| Rate | 5.50% | |
| Amortization | 240 months | |
| Maturity | 60 months | |
| Payments to begin | 6-May-11 | |
| Payment Amount | $21,313.23 | |

# EXHIBIT D

# CLASS SUMMARY OF CREDITORS FOR OPERATING DEBTORS

EXHIBIT D

## CLASS SUMMARY OF CREDITORS for OPERATING DEBTORS

| Tax Claims | CUMULATIVE CLAIMS | Wheeler Hospitality | PoC # | Perryton Hospitality | PoC # | Borger Hospitality, Inc. | Snyder PoC # | Borger Properties | PoC # | Decatur Hospitality | PoC # |
|---|---|---|---|---|---|---|---|---|---|---|---|
| **CLASS 1 and UNCLASSIFIED** | | | | | | | | | | | |
| **Tax Claims** | | | | | | | | | | | |
| IRS | 9,523.80 | 2,700.00 | 1 | 3,123.80 | 2 | 2,200.00 | 2 | 700.00 | 2 | - | 5 |
| Ad Valorem | | | | | | | | | | | |
| Wheeler County | 47,946.76 | 47,946.76 | 7 | | | | | | | | |
| Ochiltree County | 96,505.59 | | | 96,505.59 | 3 | | | | | | |
| Childress CAD | 40,195.89 | | | | | | | | | | |
| Hutchinson CAD | 58,810.43 | | | | | | | 58,810.43 | 8 | | |
| Hutchinson County | 14,547.38 | | | | | | | 14,547.38 | 9 | | |
| Wise County | 9,002.26 | | | | | | | | | 9,002.26 | 1 |
| Wise CAD | 42,990.02 | | | | | | | | | 42,990.02 | 2 |
| **SUBTOTAL CLAIMS** | 319,522.13 | 50,646.76 | | 99,629.39 | | 2,200.00 | | 74,057.81 | | 51,992.28 | |

| CLASS 2 | All Debtors | Wheeler Hosp. | PoC # | Perryton Hosp. | PoC # | Borger | nyder | Borger Prop. | PoC # | Decatur Hosp. | PoC # |
|---|---|---|---|---|---|---|---|---|---|---|---|
| **Senior Secured Creditors** | | | | | | | | | | | |
| Citizens Bank of Shamrock | 5,097,892.97 | 2,203,567.38 | 15 | 2,894,325.59 | 22 | | | | | | |
| Citizens National Bank | 7,058,549.58 | | | | | | | | | | |
| West Texas State Bank - Snyder | 2,836,821.90 | | | | | 2,836,821.90 | 20 | | | | |
| National Bank of Commerce - Shamrock | 4,521,335.26 | | | | | | | 4,521,335.26 | 10 | | |
| Interstate Bank, ssb | 2,877,961.84 | | | | | | | | | 2,877,961.84 | 16 |
| Plus Post Petition Advances | | | | | | | | 408,000.00 | | | |
| **SUBTOTAL CLAIMS** | 22,392,561.55 | 2,203,567.38 | | 2,894,325.59 | | 2,836,821.90 | | 4,929,335.26 | | 2,877,961.84 | |

| CLASS 3 | All Debtors | Wheeler Hosp. | | Perryton Hosp. | | Borger | nyder | Borger Prop. | | Decatur Hosp. | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| **Junior Secured Creditors - Liens** | | | | | | | | | | | |
| Stiles Livestock | 530,104.04 | - | | - | | - | | - | | - | |
| **SUBTOTAL CLAIMS** | 530,104.04 | - | | - | | - | | - | | - | |

| CLASS 4 | All Debtors | Wheeler Hosp. | PoC # | Perryton Hosp. | PoC # | Borger | nyder | Borger Prop. | nyder | Decatur Hosp. | PoC # |
|---|---|---|---|---|---|---|---|---|---|---|---|
| **Franchise Claims - Assumed Contract Claims** | | | | | | | | | | | |
| Baymont Franchise Systems | 519.12 | 259.56 | 9 | | | | | | | 259.56 | 10 |
| Baymont Franchise Systems | | - | 16 | | | | 17 | | | | |
| Wyndam Worldwide | 131,819.54 | | | - | 20 | | | | | | |
| HLT Existing Franchise Holding | 55,363.44 | 42,067.47 | CH F | 89,752.07 | Sch F | 30,126.67 | 11 | | | | |
| **SUBTOTAL CLAIMS** | 187,702.10 | 42,327.03 | | 89,752.07 | | 30,126.67 | | - | | 259.56 | |

EXHIBIT D
CLASS SUMMARY OF CREDITORS for OPERATING DEBTORS

| CLASS 5 | All Debtors | Wheeler Hosp. | Perryton Hosp. | Borger Hosp. | Borger Prop. | Decatur Hosp |
|---|---|---|---|---|---|---|
| Administrative Convenience Claims < $2,000 | - | | | | | |
| Charles Kuntz CPA | 479.23 | 153.30  3 | 177.04  6 | | | |
| Yellow Book | 550.06 | | 550.06  7 | | | |
| SUBTOTAL CLAIMS | 1,029.29 | 153.30 | 727.10 | - | - | - |

| CLASS 6 | All Debtors | Wheeler Hosp. | Perryton Hosp. | Borger | nyder | Borger Prop. | Decatur Hosp |
|---|---|---|---|---|---|---|---|
| General Unsecured Creditors | | | | | | | |
| Trade Vendors | - | | | | | | |
| Jason Neal | 28,913.69 | | 21,110.55  5 | 8,197.51 | 1 | | |
| Robert Eden | 84,930.32 | 3,890.63  2 | 25,898.66  1 | | | 11,757.48  1 | 18,835.39  4 |
| New Fredricksburg | 314,000.00 | | | 274,000.00 | 23 | | |
| KP Liquor | 2,029.00 | | | 1,000.00 | 24 | | |
| Kokila Patel | 20,000.00 | | | | | | |
| | - | | | | | | |
| SUBTOTAL CLAIMS | 449,873.01 | 3,890.63 | 47,009.21 | 283,197.51 | | 11,757.48 | 18,835.39 |

EXHIBIT D
CLASS SUMMARY OF CREDITORS for OPERATING DEBTORS

| CLASS 7 | All Debtors | Wheeler Hosp. | Perryton Hosp. | Borger | nyder | Borger Prop. | Decatur Hosp. |
|---|---|---|---|---|---|---|---|
| **Insider Claims** | | | | | | | |
| William Stiles | 870,249.01 | 359,600.00 (18) | | | | | 100,000.00 (18) |
| Robert W. Stiles | 854,500.00 | 359,600.00 (19) | | | | | 42,000.00 (17) |
| | - | | | | | | 5,000.00 (25) |
| Harish Patel, Sunman, Pragati-duplicate | - | | | | | | |
| HP - Sunman | 155,049.63 | | 534.35 (23) | - | - | | |
| HP - Pragati | 117,439.83 | | | - | - | 4,866.00 (17) | |
| HP - Toli, Inc | 20,626.16 | 11,141.14 sch F | | - | - | | |
| Ganga Hospitality | 31,000.00 | | | - | - | | |
| Kokila Patel | 20,000.00 | | | - | | | |
| Gauray Patel -initial Equity | - | | | | | | |
| Gauray Patel | 12,267.17 | | 12,267.17 (11) | | | | |
| Kalpej Patel - initial equity | | | - (12) | | | | |
| Kalpej Patel | 7,267.17 | | 7,267.17 (14) | | - | | |
| Sejel Patel- initial equity | | | - (15) | | - | | |
| Sejel Patel | 7,267.17 | | 7,267.17 (16) | | | | |
| Yogesh Parikh | 75,000.00 | | | | | 35,000.00 (19) | |
| Preyesh Kumar | 79,800.20 | | | | | | |
| Chetan Parikh | 63,300.00 | | | | | | |
| Vinod Patel | 100,219.21 | | | | | | |
| Govindbhai Patel | 35,000.00 | | | | | 35,000.00 (23) | |
| Lallubhai Patel | 35,000.00 | | | | | 35,000.00 (20) | |
| Veemal Patel | 30,000.00 | | | | | 35,000.00 (21) | |
| Dalipkumar Patel | 41,500.00 | | | | | 30,000.00 (22) | 41,500.00 (20) |
| Anil Patel | 36,000.00 | | | | | | 36,000.00 (22) |
| Manu Suresh | 24,000.00 | | | | | | 24,000.00 (23) |
| Krishna Parikh | 25,000.00 | | | | | | 25,000.00 (24) |
| Wheeler Hospitality | | | | | | | |
| **SUBTOTAL CLASS 7** | 2,640,485.55 | 730,341.14 | 56,500.88 / 27,335.86 | - | - | 174,866.00 | 273,500.00 |

| CLASS 8 | All Debtors | Wheeler Hosp. | Perryton Hosp. | Borger Hosp. | Borger Prop. | Decatur Hosp. |
|---|---|---|---|---|---|---|
| **Intercompany Claims** | | | | | | |
| Wheeler Hospitality | 130,000.00 | | - | | | |
| Perryton Hospitality | 169,400.00 | | | - | | |
| Decatur Hospitality | 220,479.50 | | | | 5,000.00 (25) | |
| Borger Hospitality | 6,356.91 | | | | 180,000.00 (26) | |
| | | | | | 6,356.91 | |
| **SUBTOTAL CLAIMS** | 526,236.41 | - | - | - | 191,356.91 | - |

**EXHIBIT D**

**CLASS SUMMARY OF CREDITORS for OPERATING DEBTORS**

| CLASS 9 | Holdi | All Debtors | Wheeler Hosp. | # | Perryton Hosp. | # | Borger Hosp. | # | Borger Prop. | # | Decatur Hosp. | # |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Disputed Mechanic's Lienholders** | | | | | | | | | | | | |
| Rynehart Roofing | | 70,105.00 | 7,065.00 | 10 | 4,740.00 | 18 | 26,300.00 | 13 | | | | |
| Rynehart Roofing | | 3,364.00 | | | | | 3,364.00 | 14 | | | | |
| Procast marble | | 28,307.74 | 17,067.81 | 13 | 601.55 | 19 | | | | | | |
| McKinney lumber | | 329,643.57 | 25,740.16 | 17 | 81,046.06 | 24 | 34,065.15 | 26 | 50,031.67 | 18 | 2,994.85 | 19 |
| Associated Supply | | 87,222.31 | 19,660.04 | 4 | 14,103.01 | 8 | 30,968.16 | 7 | 11,398.19 | 7 | | |
| Otis Elevator | | 34,374.86 | 824.28 | 8 | 15,617.54 | 9 | | | | | | |
| Otis Elevator | | 4,856.63 | | | 4,856.63 | | | | | | | |
| Guy Strickland | | 5,000.00 | | | 5,000.00 | 10 | | | | | | |
| W.L. Sweeny | | 82,035.95 | | | 14,551.48 | 17 | | | | | | |
| Colorado Electric | | 40,558.09 | | | 15,093.02 | 21 | | | | | 12,489.32 | 15 |
| Leo Concrete | | 46,550.00 | | | 46,550.00 | 25 | | | | | | |
| Soloman Electric | | 205,068.95 | | | 41,316.56 | 28 | 42,222.87 | 8 | 79,009.86 | 27 | 44,755.01 | 26 |
| Morrison Supply | | 77,240.51 | | | | | | | | | 28,588.85 | 9 |
| Price lawn Service | | 9,713.93 | | | | | | | | | | |
| David Richards | | 6,200.00 | | | | | | | | | | |
| AAON, Inc. | | 44,396.26 | | | | | | | | | | |
| Hufcor, Inc. | | 25,699.69 | | | | | | | | | | |
| Timmons Landscaping | | 9,591.34 | | | | | | | | | | |
| T&J Equipment Rental | | 63,162.49 | | | | | | | 29,743.76 | 12 | | |
| Gala Cash | | 13,021.33 | | | | | | | | | | |
| Chero-Key Piping Co. | | 83,586.32 | | | | | 38,266.00 | 3 | 35,685.82 | 3 | 9,634.50 | 6 |
| CF Supply | | 7,853.28 | | | | | 7,853.28 | 4 | | | | |
| Clline Construction Co. | | 28,251.00 | | | | | 28,251.00 | 5 | | | | |
| Sunbelt Rentals | | 12,158.73 | | | | | 12,158.73 | 6 | | | | |
| Contractors Access Equipment | | 17,139.34 | | | | | 17,139.34 | 9 | | | | |
| Ferguson Enterprises | | 42,038.56 | | | | | 42,038.56 | 10 | | | | |
| Contessa, Inc. | | 65,057.01 | | | | | 15,202.94 | 18 | 36,391.58 | 11 | 13,462.49 | 12 |
| Contessa, Inc. | | 14,987.59 | | | | | 14,987.59 | 19 | | | | |
| Benchmark Fabricating | | 6,158.00 | | | | | | | 6,158.00 | 4 | | |
| The Glidden Company | | 18,923.29 | | | | | | | 17,698.55 | 5 | 1,224.74 | 8 |
| Summers Group | | 6,308.65 | | | | | | | 6,308.65 | 6 | | |
| Borger redi-Mix | | 38,222.76 | | | | | | | 38,222.76 | 16 | | |
| Central Door | | 4,017.90 | | | | | | | | | 4,017.90 | 7 |
| A to Z Hospitality Services | | 4,382.05 | | | | | | | | | 4,382.05 | 21 |
| Bill Lampman | | 9,262.00 | | | | | | | | | 9,262.00 | 27 |
| Less: Retainage Payments | | (100,000.00) | | | | | | | | | (100,000.00) | |
| **SUBTOTAL CLAIMS** | | 1,444,459.13 | 70,357.29 | | 243,475.85 | | 312,817.62 | | 310,648.84 | | 30,811.71 | |

EXHIBIT D
CLASS SUMMARY OF CREDITORS for OPERATING DEBTORS

| CLASS 10 | | All Debtors | | Wheeler Hosp. | | Perryton Hosp. | | Borger Hosp. | | Borger Prop. | | Decatur Hosp. | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Auer Litigation Claims** | | - | | | | | | | | | | | |
| Auer Corporation | | 24,775,531.99 | 11 | liable | | 388,934.34 | sch F | liable | 15 | | 15 | liable | 13 |
| Ray Teague | | 2,986,793.84 | 12 | liable | | - | | liable | 16 | | 13 | liable | 14 |
| | | - | | | | | | | | | | | |
| **SUBTOTAL CLAIMS** | # | 27,762,325.83 | | - | | 388,934.34 | | - | | - | | - | |

# EXHIBIT E

# CALCULATION OF PLAN CASH FLOW

# Exhibit E - CALCULATION OF PLAN CASH FLOW

Revised: 1/12/11 0:00

| | RETAINED<br>Wheeler Hosp.<br>Baymont Inn<br>Wheeler, Tex | RETAINED<br>Perryton Hosp.<br>Baymont Inn<br>Perryton, Tex | RETAINED<br>Borger Hosp.<br>Baymont Inn<br>Snyder, Tex | RETAINED<br>Borger Prop.<br>Hampton Inn<br>Borger, Tex | RETAINED<br>Decatur Hosp.<br>Baymont Inn<br>Decatur, Tex |
|---|---|---|---|---|---|
| "NET OPERATING PROFIT" CASH FLOW | | | | | |
| Cash Flow - First Year | 606,066.57 | 458,870.00 | 337,500.00 | 524,100.00 | 311,100.00 |
| Per Month Average | 50,505.55 | 38,239.17 | 28,125.00 | 43,675.00 | 25,925.00 |
| Net Monthly Cash Flow - After Plan payments | 26,508.51 | 14,309.88 | 5,419.43 | 2,314.50 | 707.74 |

## CASH FLOW NOTES:

Cash Flows are based on "Net Operating Profit Reports" ("NOP") run for each year for each entitiy

Average Monthly NOP is used to evaluate feasibility.

Historically, the best cash flow months are during the summer, so annual plan payments have been scheduled for payment in September.

## TREATMENT SUMMARY

Class 2 - Senior Secured Claims — Per Agreement with each lender - See Exhibit ___

Class 3 - Junior Secured Creditors — Five Annual payments at 3.75% interest

Class 6 - General Unsecured Claims — Six Annual payments at 0% interest

Class 7 - Unsecured Claims of Insiders — Seven Annual payments at 0% interest - Or converted to Holding Company Stock

Class 8 - Intercompany Claims — Seven Annual payments at 0% interest - Or converted to Holding Company Stock

## The following classes do not receive recurring plan payments:

Class 1 - Tax Claims — Paid as incurred, included in Net Operating Profit

Class 4 - Franchise Claims — Paid as incurred, included in Net Operating Profit

Class 5 - Administrative Convenience Claims — Paid at Confirmation

Class 9 - Disputed Mechanics Lien Claims — No Payment under Plan, Unless reclassed

Class 10 - Auer Claims — No Payment under Plan, Unless reclassed

## Cashflow and Treatment of Classes

| Debtor<br>Property<br>Location | Wheeler Hosp.<br>Baymont Inn<br>Wheeler, Tex | Perryton Hosp.<br>Baymont Inn<br>Perryton, Tex | Borger Hosp.<br>Baymont Inn<br>Snyder, Tex | Borger Prop.<br>Hampton Inn<br>Borger, Tex | Decatur Hosp.<br>Baymont Inn<br>Decatur, Tex |
|---|---|---|---|---|---|
| **Net Operating Profit** | | | | | |
| Available to Pay Claims - Monthly Equivalent | 50,505.55 | 38,239.17 | 28,125.00 | 43,675.00 | 25,925.00 |
| | | | | | |
| **Class 2 - Senior Secured Claims** | $14,288.33 | $19,694.94 | $15,031.01 | $32,587.40 | $21,313.23 |
| **Class 3 - Junior Secured Creditors** | 967.84 | 3,349.29 | 4,303.16 | 4,273.33 | 423.85 |
| **Class 6 - General Unsecured Claims** | 46.32 | 559.63 | 3,371.40 | 139.97 | 224.23 |
| **Class 7 - Unsecured Claims of Insiders** | 8,694.54 | 325.43 | 0.00 | 2,081.74 | 3,255.95 |
| **Class 8 - Intercompany Claims** | 0.00 | 0.00 | 0.00 | 2,278.06 | 0.00 |
| **Subtotal Plan payments** | $23,997.03 | $23,929.29 | $22,705.57 | $41,360.50 | $25,217.26 |
| | | | | | |
| **NET Available Cash Flow** | $26,508.51 | $14,309.88 | $5,419.43 | $2,314.50 | $707.74 |
| | | | | | |
| **Class 2 - Senior Secured Claims** | | | | | |
| Lender | CB Shamrock | CB Shamrock | WTSB | NBC Shamrock | Interstate Bank |
| Payment - See Exhibit | 14,288.33 | 19,694.94 | 15,031.01 | 32,587.40 | 21,313.23 |
| | | | | | |
| **Class 3 - Junior Secured Creditors** | | | | | |
| Total possible - from Class 9 | 70,357.29 | 243,475.85 | 312,817.62 | 310,648.84 | 30,811.71 |
| Less: Estimated amount to be disallowed | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Net: Claims to be paid | 70,357.29 | 243,475.85 | 312,817.62 | 310,648.84 | 30,811.71 |
| # of Annual Payments (due in September) | 7 | 7 | 7 | 7 | 7 |
| Interest Rate | 3.75% | 3.75% | 3.75% | 3.75% | 3.75% |
| Annual payments | 11,614.14 | 40,191.46 | 51,637.96 | 51,279.95 | 5,086.20 |
| Monthly equivalent | 967.84 | 3,349.29 | 4,303.16 | 4,273.33 | 423.85 |

## Cashflow and Treatment of Classes - Cont.

| Debtor<br>Property<br>Location | Wheeler Hosp.<br>Baymont Inn<br>Wheeler, Tex | Perryton Hosp.<br>Baymont Inn<br>Perryton, Tex | Borger Hosp.<br>Baymont Inn<br>Snyder, Tex | Borger Prop.<br>Hampton Inn<br>Borger, Tex | Decatur Hosp.<br>Baymont Inn<br>Decatur, Tex |
|---|---|---|---|---|---|
| **Class 6 - General Unsecured Claims** | | | | | |
| Amount of Claims | 3,890.63 | 47,009.21 | 283,197.51 | 11,757.48 | 18,835.39 |
| # of Annual Payments (due in September) | 7 | 7 | 7 | 7 | 7 |
| Annual payments | 555.80 | 6,715.60 | 40,456.79 | 1,679.64 | 2,690.77 |
| Monthly equivalent | 46.32 | 559.63 | 3,371.40 | 139.97 | 224.23 |
| | | | | | |
| **Class 7 - Unsecured Claims of Insiders** | | | | | |
| Amount of Claims | 730,341.14 | 27,335.86 | 1,104,387.65 | 174,866.00 | 273,500.00 |
| Less: Amount Converted to Holding Co. Stk | 0.00 | 0.00 | 1,104,387.65 | 0.00 | 0.00 |
| Net: Claims to be paid | 730,341.14 | 27,335.86 | 0.00 | 174,866.00 | 273,500.00 |
| # of Annual Payments (due in September) | 7 | 7 | 7 | 7 | 7 |
| Annual payments | 104,334.45 | 3,905.12 | 0.00 | 24,980.86 | 39,071.43 |
| Monthly equivalent | 8,694.54 | 325.43 | 0.00 | 2,081.74 | 3,255.95 |
| | | | | | |
| **Class 8 - Intercompany Claims** | | | | | |
| Amount of Claims | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Less: Amount Converted to Holding Co. Stk | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Net: Claims to be paid | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| # of Annual Payments (due in September) | 7 | 7 | 7 | 7 | 7 |
| Annual payments | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Monthly equivalent | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |

# EXHIBIT F

# OPERATING CASH FLOW PROJECTIONS BY PROPERTY

## EXHIBIT F - Operating Cash Flow Projections by Property

| | | Wheeler Hosp.<br>Baymont Inn<br>Wheeler, Tex | Perryton Hosp.<br>Baymont Inn<br>Perryton, Tex | Borger Hosp.<br>Baymont Inn<br>Snyder, Tex |
|---|---|---|---|---|
| **Revenue Budget** | | | | |
| Actual Revenue 2010 | | 1,274,777.00 | 1,030,468.20 | 658,296.17 |
| Annual Projected Room Revenue 2011 | | 1,274,777.00 | 1,150,000.00 | 900,000.00 |
| Monthly Average Room Revenue | | 106,231.42 | 95,833.33 | 75,000.00 |
| City occupancy Tax | 7% | 7,436.20 | 6,708.33 | 5,250.00 |
| State occupancy tax | 6% | 6,373.89 | 5,750.00 | 4,500.00 |
| Monthly Average Cash Flow | | 120,041.50 | 108,291.67 | 84,750.00 |
| | | | | |
| **Expense Budget** | | | | |
| | | | | |
| Franchise Fees | 11% | 11,685.46 | 10,541.67 | 8,250.00 |
| Litigation Agreement Fees | 4.50% | 4,780.41 | 4,312.50 | 3,375.00 |
| Atmos Energy - Gas | | 650.00 | 650.00 | 650.00 |
| Electric Bill | | 3,800.00 | 4,200.00 | 3,800.00 |
| Water Bill | | 600.00 | 1,100.00 | 600.00 |
| Direct TV - music | | 450.00 | 680.00 | 900.00 |
| Breakfast Supplies | | 2,400.00 | 2,400.00 | 1,800.00 |
| Telephone | | 560.00 | 600.00 | 300.00 |
| Pool Supplies | | 200.00 | 280.00 | 200.00 |
| City occupancy Tax | | 7,436.20 | 6,708.33 | 5,250.00 |
| State occupancy tax | | 6,373.89 | 5,750.00 | 4,500.00 |
| Property Taxes | | 3,900.00 | 3,750.00 | 4,150.00 |
| Room Supplies | | 1,000.00 | 1,000.00 | 1,000.00 |
| Laundry Supplies | | 450.00 | 650.00 | 450.00 |
| Office Supplies | | 200.00 | 280.00 | 150.00 |
| Maintenance Supplies | | 350.00 | 500.00 | 350.00 |
| Repairs | | 1,000.00 | 3,000.00 | 500.00 |
| Elevator maintenance | | 250.00 | 250.00 | 250.00 |
| Property Insurance | | 1,000.00 | 850.00 | 1,000.00 |
| Pest Control | | 90.00 | 100.00 | 90.00 |
| Advertising and Promotion | | 500.00 | 500.00 | 1,250.00 |
| Persona Sign Lease | | | | 950.00 |
| Payroll | | 19,000.00 | 19,000.00 | 14,000.00 |
| Accounting payroll fess | | 160.00 | 250.00 | 160.00 |
| Management Fees | | | | 0.00 |
| Misc Expenses | | 1,500.00 | 1,500.00 | 1,500.00 |
| Professional Fees | | 500.00 | 500.00 | 500.00 |
| Bankruptcy Expenses | | 700.00 | 700.00 | 700.00 |
| Subtotal -before debt service | | 69,535.95 | 70,052.50 | 56,625.00 |
| | | | | |
| **Net Cash Flow before Debt Service** | | **50,505.55** | **38,239.17** | **28,125.00** |
| | | | | |
| Class 2 - Senior Secured Lender | | 14,288.33 | 19,964.94 | 15,031.01 |
| | | | | |
| Net Cash Flow After Senior Debt | | 36,217.22 | 18,274.23 | 13,093.99 |

## EXHIBIT F - Operating Cash Flow

| | | Borger Prop. Hampton Inn Borger, Tex | Decatur Hosp. Baymont Inn Decatur, Tex |
|---|---|---|---|
| **Revenue Budget** | | | |
| Actual Revenue 2010 | | | |
| Annual Projected Room Revenue 2011 | | 1,260,000.00 | 900,000.00 |
| Monthly Average Room Revenue | | 105,000.00 | 75,000.00 |
| City occupancy Tax | 7% | 7,350.00 | 5,250.00 |
| State occupancy tax | 6% | 6,300.00 | 4,500.00 |
| Monthly Average Cash Flow | | 118,650.00 | 84,750.00 |
| | | | |
| **Expense Budget** | | | |
| | | | |
| Franchise Fees | 11% | 11,550.00 | 8,250.00 |
| Litigation Agreement Fees | 4.50% | 4,725.00 | 3,375.00 |
| Atmos Energy - Gas | | 650.00 | 750.00 |
| Electric Bill | | 4,800.00 | 4,200.00 |
| Water Bill | | 550.00 | 750.00 |
| Direct TV - music | | 900.00 | 750.00 |
| Breakfast Supplies | | 3,200.00 | 1,800.00 |
| Telephone | | 800.00 | 1,000.00 |
| Pool Supplies | | 250.00 | 200.00 |
| City occupancy Tax | | 7,350.00 | 5,250.00 |
| State occupancy tax | | 6,300.00 | 4,500.00 |
| Property Taxes | | 5,000.00 | 4,000.00 |
| Room Supplies | | 1,000.00 | 1,250.00 |
| Laundry Supplies | | 450.00 | 450.00 |
| Office Supplies | | 150.00 | 200.00 |
| Maintenance Supplies | | 350.00 | 500.00 |
| Repairs | | 500.00 | 1,000.00 |
| Elevator maintenance | | 600.00 | 250.00 |
| Property Insurance | | 1,200.00 | 1,000.00 |
| Pest Control | | 100.00 | 100.00 |
| Advertising and Promotion | | 1,500.00 | 2,300.00 |
| Persona Sign Lease | | 0.00 | |
| Payroll | | 20,000.00 | 14,000.00 |
| Accounting payroll fess | | 350.00 | 250.00 |
| Management Fees | | 0.00 | 0.00 |
| Misc Expenses | | 1,500.00 | 1,500.00 |
| Professional Fees | | 500.00 | 500.00 |
| Bankruptcy Expenses | | 700.00 | 700.00 |
| Subtotal -before debt service | | 74,975.00 | 58,825.00 |
| | | | |
| **Net Cash Flow before Debt Service** | | **43,675.00** | **25,925.00** |
| | | | |
| Class 2 - Senior Secured Lender | | 32,587.00 | 21,244.44 |
| | | | |
| Net Cash Flow After Senior Debt | | 11,088.00 | 4,680.56 |